HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE POKÉMON COMPANY INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JON SAHAGIAN; DOES 1-5,<br><br>Defendants. | No. 2:15-cv-00866 TSZ<br><br>FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT JON SAHAGIAN |

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

**FINDINGS AND CONCLUSIONS**

1. This is an action for copyright infringement and contributory copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and violations of provisions of the Digital Millennium Copyright Act prohibiting the provision and distribution of false copyright management information. In the Complaint, Plaintiff The Pokémon Company International, Inc. ("TPCi") sought, among other relief, injunctive relief under 17 U.S.C. § 502.

2. The Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338. Venue is proper in this Court under 28 U.S.C. § 1391(b).

3. The Complaint alleges, in part, that Defendant Jon Sahagian ("Defendant" or "Sahagian"), the owner and operator of the website located at www.pokebeach.com (the

FINAL JUDGMENT AND PERMANENT INJUNCTION
(CASE NO. 2:15-cv-00866 TSZ) - 1

**focal** PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98104
206.260.3966

PokéBeach Site"), copied, reproduced, displayed and distributed TPCi's copyrighted Pokémon works without authorization on the PokéBeach Site and in connection with online Pokémon games, thereby infringing TPCi's copyrighted works.

## FINAL JUDGMENT

Based on the stipulation of the parties, judgment is entered in favor of TPCi and against Sahagian.

## INJUNCTION

1. For the purposes of this Permanent Injunction, the following definitions apply:

    (a) "Copyrighted Work" shall mean any work, or portion thereof, whether now in existence or later created, in which TPCi, or a parent, subsidiary or affiliate of TPCi owns or controls a valid and subsisting exclusive right under the Copyright Act, 17 U.S.C. § 101 *et seq.* "Copyrighted Work" shall include but not be limited to any Pokémon Trading Card Game card.

    (b) "Infringing Work" shall mean any unauthorized scan, copy, reproduction, counterfeit, derivative work or other colorable imitation of the Copyrighted Works or any part thereof, including but not limited to TPCi's Pokémon Trading Card Game cards.

    (c) "Infringing Game" shall mean any game incorporating an Infringing Work, including, but not limited to, the online game currently titled "TCG One" and the online game currently titled "Pokémon Showdown" currently available on the PokéBeach Site. "Infringing Game" shall include any variations of these games regardless of the title given to the games.

    (d) "Days" means calendar days, unless otherwise specified.

2. Sahagian and his agents, servants, employees, assigns, and all those in active concert or participation with any of them ("Enjoined Parties"), who receive actual notice of this Permanent Injunction by personal service or otherwise, are ORDERED and ENJOINED as

FINAL JUDGMENT AND PERMANENT INJUNCTION
(CASE NO. 2:15-cv-00866 TSZ) - 2

**focal** PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98104
206.260.3966

follows:

  (a) Effective immediately upon the entry of this Permanent Injunction, the Enjoined Parties are permanently enjoined from infringing the Copyrighted Works, either directly or contributorily, including generally but not limited to, by copying, reproducing, displaying, promoting, marketing, advertising, offering for sale or otherwise disposing of or distributing any Infringing Work or the Infringing Games.

  (b) Effective immediately upon entry of this Permanent Injunction, Sahagian shall cease any and all distribution, marketing, advertising, or other promotional activity with respect to any Infringing Game.

  (c) Effective immediately upon the entry of this Permanent Injunction, the Enjoined Parties are permanently enjoined from inducing, aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon any Copyrighted Work.

  (d) Within five (5) days of the entry of this Permanent Injunction, Sahagian shall provide to TPCi the names, addresses, email addresses, and other contact information in his possession or control for all persons and/or entities involved with the creation, development, marketing, advertising, hosting, or distribution of TCG One.

  (e) Within seven (7) days of the entry of this Permanent Injunction, Sahagian shall: (1) remove all Infringing Works from the PokéBeach Site; and (2) remove from the PokéBeach Site and otherwise disable access to any Infringing Game.

  (f) Within fourteen (14) days of the entry of this Permanent Injunction, Sahagian shall delete or destroy each and every copies of an Infringing Work and all copies of and files associated with any Infringing Game in Sahagian's possession or control.

FINAL JUDGMENT AND PERMANENT INJUNCTION
(CASE NO. 2:15-cv-00866 TSZ) - 3

**focal** PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98104
206.260.3966

(g) Within fourteen (14) days of the entry of this Permanent Injunction, Sahagian shall provide an affidavit to TPCi, signed under penalty of perjury, certifying that he has complied with the removal and destruction of the Infringing Works and the Infringing Games as ordered herein.

3. If TPCi believes that Sahagian has violated any provision of this Permanent Injunction, TPCi will provide Sahagian with written notice of the alleged violation and Sahagian will have three (3) days after receipt of the notice to cure the alleged violation. If the alleged violation is not cured by the expiration of this 3-day period, TPCi may pursue any and all actions and relief in connection with the alleged violation.

**BINDING EFFECT**

IT IS FURTHER ORDERED that this Permanent Injunction shall be binding upon and inure to the benefit of the parties and all successors, assigns, parent entities, subsidiaries, officers, directors, members, shareholders, distributors, agents, affiliates, and all other persons who are in active concert or participation with anyone described herein, who receive actual notice of this Permanent Injunction by personal service or otherwise.

**RETENTION OF JURISDICTION**

IT IS FURTHER ORDERED that the Court shall retain jurisdiction of this action for purposes of construing, modifying, and enforcing this Permanent Injunction.

IT IS SO ORDERED.

DATED this 8th day of September, 2015.

Thomas S. Zilly
United States District Judge

FINAL JUDGMENT AND PERMANENT INJUNCTION
(CASE NO. 2:15-cv-00866 TSZ) - 4

focal PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98104
206.260.3966